IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRITTANY M. COLON,

                Plaintiff,

    v.

AMERICAS BEST VALUE INN,

                Defendant.

ORDER AND ENTRY
OF DEFAULT JUDGMENT

17-cv-371-wmc

---

Following an in-person hearing on plaintiff's motion for default judgment (dkt. #8) and plaintiff's submission of additional materials after that hearing (dkt. ##13-17), the court will now enter judgment granting permanent injunctive relief and awarding plaintiff $4,415 in attorneys' fees and costs consistent with the findings and conclusions set forth below.

BACKGROUND

Plaintiff Brittany Colon filed this action against defendant Americas Best Value Inn, located at 2504 Wisconsin Dells Parkway in Wisconsin Dells, Wisconsin, alleging that defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by failing to make its swimming pools accessible to her disabled son. The clerk of court entered default against defendant on July 5, 2017, after defendant failed to answer or otherwise appear in this lawsuit. (Dkt. #6.)

On July 19, 2017, plaintiff filed her motion for default judgment, along with a certificate of service affirming that her counsel mailed the motion and supporting materials to defendant's address that same day. The court held an in-person hearing on plaintiff's motion for default judgment on August 2, 2017, at which plaintiff appeared by counsel and defendant again failed to appear.

In response to the court's order following that hearing (dkt. #12), plaintiff filed a short brief and supporting affidavits to establish standing, a revised proposed judgment and an amended request for fees and costs, as well as a certificate of service confirming mailing of those materials to defendant's address. In that same order, the court permitted defendant fourteen days from receipt of plaintiff's supplemental materials to file and serve a response. To date, defendant has yet to file any response or otherwise appear.

OPINION

The court accepts the basic facts as pled in plaintiff's complaint in light of defendant's default. *See Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (upon default judgment, "allegations in the complaint relating to liability are true"). Combined with the submissions by plaintiff during and after the hearing on August 2nd, the court also finds that no further hearing is necessary and makes the following findings of fact and conclusions of law:

1. Plaintiff's son is physically disabled due to a birth condition and requires ADA-compliant pool entries to swim.

2. On or around April 11, 2017, plaintiff Brittany Colon called defendant Americas Best Value Inn when attempting to plan another vacation to Wisconsin Dells, where she and her son have visited approximately once a year over the past five years and intend to continue visiting. The individual with whom she spoke informed her that the hotel's pools did not have a pool lift or sloped entrances and that defendant did not intend to purchase a pool lift.

3. On or around April 15, 2017 (at the time a "legal clerk" and not yet a licensed attorney), plaintiff's counsel visited defendant's hotel and personally observed that its pools did not have ADA-compliant entries.

4. Though not clear-cut under existing case law, since there appears to be no binding precedent regarding whether Article III standing is conferred for purposes of Title III of the ADA, when a plaintiff personally calls a defendant to determine that its public accommodations are not accessible to her and confirms that inaccessibility through an agent who then personally visits the premises, the Seventh Circuit has at least implicitly endorsed finding standing even though an ADA plaintiff does not actually visit the defendant's premises herself. *See Scherr v. Marriott Int'l. Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (basing dismissal of 56 hotels *not* on the plaintiff's failure to actually visit them, but rather on her failure to show any *intent* to visit them); *Scherr v. Marriott Int'l, Inc.*, 833 F. Supp. 2d 945, 955 (N.D. Ill. 2011) (same); *see also Steger v. Franco*, 228 F.3d 889, 892 (8th Cir. 2000) ("Although [ADA] plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no

3

intention of remedying, *see* 42 U.S.C. § 12188(a)(1), they must at least prove knowledge of the barriers and that they would like to visit the building in the imminent future but for those barriers.").

5. To be sure, district courts outside of this circuit have dismissed ADA claims for lack of standing when a plaintiff relied on the "call and confirm method" rather than actually visiting the defendant's premises, *see Brooke v. Capitol Regency LLC*, No. 2:16-cv-02070-JAM-FEB, 2017 WL 2165866, at *2-3 (E.D. Cal. May 17, 2017) (collecting cases), but in light of the Seventh Circuit's decision in *Scherr*, and consistent with the broad, remedial purposes of the ADA, the court finds that plaintiff here has standing. *See Scherr*, 833 F. Supp. 2d at 951 n.4 (courts may "look to the rights conferred by the ADA in assessing" standing); *see also DeBoard v. Comfort Inn*, No. 1:13-cv-00508-RLY-MJD, 2013 WL 5592418 (S.D. Ind. Oct. 9, 2013) (relying on *Scherr* in finding standing based on plaintiff's allegation of "actual knowledge" that the defendant hotel did not have a pool lift).

5. Defendant, as a place of public accommodation, has discriminated against plaintiff in violation of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv), by lacking ADA-compliant pool entries, *see* www.ada.gov/pools_2010.htm, and so plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 12188(a)(2).

6. Finally, the court finds that plaintiff is entitled to reasonable attorneys' fees of $3,900.00 and costs of $515.00 pursuant to 42 U.S.C. § 12205.

ORDER

IT IS HEREBY ORDERED that:

1) A Permanent Injunction pursuant to Federal Rule of Civil 65 is ENTERED under the following terms and conditions:

   i. Defendant Americas Best Value Inn, located at 2504 Wisconsin Dells Pkwy in Wisconsin Dells, Wisconsin ("Americas Best"), shall install a suitable ADA-compliant pool entry required for each swimming pool or hot tub on the premises. To achieve this compliance, Americas Best may choose from the following options based on what is readily achievable for its business:

      a. For pools and spas with greater than 300 linear feet of pool wall, two (2) ADA compliant entries shall be installed. These can include a sloped entrance, transfer wall, or pool lift.

      b. For pools and spas with less than 300 linear feet of pool wall, one (1) ADA compliant entry shall be installed, which must be either a sloped entrance or a pool lift.

   ii. While Americas Best need not bring all pools or spas into compliance at once, it must at least implement a plan to achieve full compliance in a reasonable timeframe.

   iii. Violation of this Permanent Injunction shall be subject to applicable penalties, up to and including contempt of court.

   iv. This court shall retain continuing jurisdiction over plaintiff Brittany Colon and defendant Americas Best for the purpose of enforcing this Permanent Injunction.

2) Plaintiff is awarded a total amount in fees and costs of $4,415.00 pursuant to 42 U.S.C. § 12205.

3) The clerk of court is directed to enter final judgment consistent with this order.

Entered this 21st day of August, 2017.

BY THE COURT:  
/s/  
WILLIAM M. CONLEY  
District Judge